IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANDRE McDANIEL                                                                        PLAINTIFF
ADC #111275

V.                              NO. 4:05CV00792 GH/JWC

ZARAGZA, et al                                                                        DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### I. Instructions

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## II. Recommended Disposition

On May 25, 2005, Plaintiff, a pro se inmate who at the time was confined to the Diagnostic Unit of the Arkansas Department of Correction ("ADC") on a "fugitive from justice warrant," filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1). Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted.

Plaintiff's complaint was too vague to enable the Court to determine whether it was frivolous or failed to state a claim for relief under § 1915A; therefore, by order entered June 7, 2005 (docket entry #4), Plaintiff was directed to amend his complaint to specifically state: 1) how Defendant Zaragza was personally involved in or had knowledge of the actions of which he complained; 2) how Defendant Zaragza violated his constitutional rights; 3) how Defendant Burns was personally involved in or had knowledge of the actions of which he complained; 4) how Defendant Burns violated his constitutional rights; 5) whether he wished to name Lieutenant Stephens as a Defendant and, if so, his position,

place of current employment, and address; 6) an explanation of how Lieutenant Stephens was personally involved in or had knowledge of the actions of which he complained; 7) whether he wished to name Faulkner County as a Defendant; 8) whether he alleged that Faulkner County had a policy or custom of failing to act upon prior similar complaints of unconstitutional conduct, which caused the constitutional injury at issue; and 9) whether he sued Defendants in an individual capacity, official capacity, or both. Plaintiff was instructed to set forth specific facts concerning his allegations including, where applicable, dates, times and places. Plaintiff was directed to file his amended complaint on or before July 7, 2005. He was additionally warned that his failure to make a timely and <u>complete</u> response to the Court's order would result in a recommended dismissal of his case without prejudice.

The Court's June 7, 2005, order has not been returned, and no responsive filing has been received from Plaintiff, despite the Clerk's certification that a copy of the order was mailed to him personally the same day as entered at his last given address at the Cummins Unit of the ADC. This case should, therefore, be dismissed without prejudice due to Plaintiff's failure to respond to the Court's order and his failure to prosecute the action diligently. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); <u>Brown v. Frey</u>, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting <u>Haley v. Kansas City Star</u>, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with <u>any</u> court order; such a dismissal may be <u>with</u> prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); <u>Garrison v.</u>

Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2. Any PENDING MOTIONS should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation and any judgment entered thereunder WOULD NOT BE TAKEN IN GOOD FAITH.

4. This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[1]

DATED this 22nd day of July, 2005.

                                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.